UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

AMARILIS COLLADO, as Administratrix　　　　　　　　11 Civ. 9041 (DAB)(HBP)
of the Estate of her husband JOHN COLLADO, SR.,

　　　　　Plaintiff,

　　　　　　　　　　　　　　　　　　　　　　　　　　　**SECOND AMENDED**
　　　　　　　　　　　　　　　　　　　　　　　　　　　**COMPLAINT/DEMAND**
　　　-against-　　　　　　　　　　　　　　　　　　　　**FOR JURY TRIAL**

CITY OF NEW YORK; New York City Police
Department ("NYPD") Detective JAMES
CONNOLLY, Shield #4292; NYPD Sergeant
RONALD SMITH, Tax #898556; NYPD Detective
JAMES WHITE, Tax #929351; NYPD
Sergeant ANTHONY MARION, Tax #928705;
NYPD Officer DAVID KANTOR, Tax #941986;
NYPD Detective BERNARD SOLOMON, Tax
#931248; NYPD Detective DARRYL SCHWARTZ,
Tax #933534; NYPD Detective SCOTT COTE, Tax
#936397; NYPD Officer "CO100"; NYPD Officer
"CO229",

　　　　　Defendants.
------------------------------------------------------------------x



　　　　　Plaintiff Amarilis Collado (hereinafter "Ms. Collado" or "plaintiff"), as Administratrix of the Estate of her husband John Collado, Sr. (hereinafter "Mr. Collado"), by her attorneys Emery Celli Brinckerhoff & Abady LLP, for her First Amended Complaint alleges as follows:

　　　　　　　　　　　　　　**PRELIMINARY STATEMENT**

　　　　　1.　　This is a civil rights action against the City of New York and New York City Police Department ("NYPD") officers for the death of an unarmed man. On September 6, 2011, Mr. Collado, a 43-year-old husband and father of five, was viciously and unjustifiably shot in the abdomen by an NYPD officer on a sidewalk near his apartment building. Mr. Collado

1

died nearly eight hours later as a result of the gunshot wound. This Complaint, arising from this tragic, outrageous and unlawful act, seeks compensatory and punitive damages, costs, disbursements and attorneys' fees pursuant to applicable state and federal civil rights law.

## PARTIES

2.   John Collado, Sr. was killed by an NYPD officer in New York, New York. All of the events giving rise to the Complaint, including the death of Mr. Collado, occurred in New York, New York. At the time of his death, Mr. Collado was a citizen of the United States and resided in New York, New York.

3.   Amarilis Collado is Mr. Collado's wife and the Administratrix of his Estate. Ms. Collado is a legal resident of the United States and resides in New York, New York.

4.   Defendant City of New York ("City") is a municipal corporation organized and existing under the laws of the State of New York. At all times relevant hereto, defendant City, acting through the NYPD, was responsible for the policy, practice, supervision, implementation and conduct of all NYPD matters and was responsible for the appointment, training, supervision and conduct of all NYPD personnel, including the defendants referenced herein. In addition, at all relevant times, defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obey the laws of the United States and the State of New York.

5.   At all times relevant hereto, NYPD Detective James Connolly, Shield #4292, was a detective in the NYPD, acting in the capacity of agent, servant and employee of defendant City, and within the scope of his employment as such.

6. At all times relevant hereto, NYPD Sergeant Ronald Smith, Tax #898556 was a sergeant in the NYPD, acting in the capacity of agent, servant and employee of defendant City, and within the scope of his employment as such.

7. At all times relevant hereto, NYPD Detective James White, Tax #929351 was a detective in the NYPD, acting in the capacity of agent, servant and employee of defendant City, and within the scope of his employment as such.

8. At all times relevant hereto, NYPD Sergeant Anthony Marion, Tax #928705 was a detective in the NYPD, acting in the capacity of agent, servant and employee of defendant City, and within the scope of his employment as such.

9. At all times relevant hereto, NYPD Officer David Kantor, Tax #941986 was a police officer in the NYPD, acting in the capacity of agent, servant and employee of defendant City, and within the scope of his employment as such.

10. At all times relevant hereto, NYPD Detective Bernard Solomon, Tax #931248 was a detective in the NYPD, acting in the capacity of agent, servant and employee of defendant City, and within the scope of his employment as such.

11. At all times relevant hereto, NYPD Detective Darryl Schwartz, Tax #933534 was a detective in the NYPD, acting in the capacity of agent, servant and employee of defendant City, and within the scope of his employment as such.

12. At all times relevant hereto, NYPD Detective Scott Cote, Tax #936397 was a detective in the NYPD, acting in the capacity of agent, servant and employee of defendant City, and within the scope of his employment as such.

13. At all times relevant hereto, NYPD Officer "CO100", who is sued by his/her undercover designation and whose name Plaintiff has been unable to identify despite

reasonable efforts to do so, was an undercover officer in the NYPD, acting in the capacity of agent, servant and employee of defendant City, and within the scope of his/her employment as such.

14. At all times relevant hereto, NYPD Officer "CO229", who is sued by his/her undercover designation and whose name Plaintiff has been unable to identify despite reasonable efforts to do so, was an undercover officer in the NYPD, acting in the capacity of agent, servant and employee of defendant City, and within the scope of his/her employment as such.

15. All defendants, with the exception of defendant City, are referred to collectively herein as the "Individual Defendants."

## JURISDICTION AND VENUE

16. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983 and 1988, and state common law.

17. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a), and the doctrine of supplemental jurisdiction.

18. The acts complained of occurred in the Southern District of New York and venue is lodged in this Court pursuant to 28 U.S.C. § 1391(b).

## JURY DEMAND

19. Plaintiff demands trial by jury in this action.

## FACTUAL ALLEGATIONS

20. Mr. Collado was a husband and father of five children.

21. On September 6, 2011, at approximately 5:00 p.m., Mr. Collado was standing on Post Avenue, near his apartment building at 17-23 Post Avenue, New York, New York 10034.

22. Mr. Collado was unarmed.

23. Mr. Collado noticed a physical altercation taking place down the block between a young man he recognized from the neighborhood and defendant Connolly, whom Mr. Collado did not know.

24. Defendant Connolly was wearing street clothes and his police badge was not visible. He did not identify himself as a police officer, nor was he identifiable as such.

25. It appeared to Mr. Collado that defendant Connolly was attacking the young man whom he recognized from the neighborhood.

26. Mr. Collado went over to the two men who were fighting with the intention of separating them from one another.

27. While Mr. Collado was attempting to disengage the two men from each other, defendant Connolly brutally and unjustifiably shot Mr. Collado in the stomach.

28. Defendant Connolly did not identify himself as a police officer prior to shooting Mr. Collado.

29. Both Mr. Collado and the young man defendant Connolly had originally been fighting were unarmed.

30. Defendant Connolly's actions caused Mr. Collado severe conscious pain and suffering, fear and pre-death terror.

31. Defendants Smith, White, Marion, Kantor, Solomon, Schwartz, Cote, CO100 and CO229 were serving as back-up to defendant Connolly on September 6, 2011 and

were all either present or in close proximity at the time defendant Connolly shot Mr. Collado, and failed to intervene or in any way stop defendant Connolly from using deadly force against Mr. Collado.

32. As a result of defendant Connolly's vicious shooting, Mr. Collado collapsed onto the street and began bleeding from his abdomen.

33. Mr. Collado lay on the street with his shirt covered in blood. He was having severe difficulties breathing as a result of the gunshot wound inflicted by defendant Connolly.

34. Upon information and belief, while Mr. Collado lay on the street in severe, conscious pain, defendants Smith, White, Marion, Kantor, Solomon, Schwartz, Cote, CO100 and CO229 were all on the scene.

35. While Mr. Collado was lying on the street bleeding and in severe pain, Mr. Collado was placed under arrest and his wrists were violently handcuffed behind his back.

36. The Individual Defendants all observed Mr. Collado lying on the street bleeding and in severe pain, yet failed to provide any medical assistance to Mr. Collado or to call an ambulance for Mr. Collado.

37. Mr. Collado lay on the street bleeding and in severe pain for an extended period of time without receiving any medical assistance.

38. The actions of the Individual Defendants were reckless, without basis or justification, and deliberately indifferent to Mr. Collado's health and life.

39. While Mr. Collado was lying on the street bleeding and struggling to breathe, an NYPD officer violently kicked Mr. Collado on several occasions to make sure that he was still alive.

40. Finally, an ambulance arrived and brought Mr. Collado to Harlem Hospital Center.

41. Mr. Collado was in the custody of the NYPD at Harlem Hospital Center and, upon information and belief, was handcuffed to his hospital bed.

42. Mr. Collado was aware of this confinement and did not consent to it.

43. At Harlem Hospital Center, NYPD officers prevented Ms. Collado and the rest of Mr. Collado's family from visiting or acquiring any information regarding Mr. Collado, telling his family that they could not see him because he was in the custody of the NYPD.

44. At some point after he arrived at Harlem Hospital Center, Mr. Collado underwent surgery.

45. Mr. Collado died at 12:33 a.m. on September 7, 2011.

46. Mr. Collado's Death Certificate states that the cause of his death was: "Gunshot Wound Of Abdomen."

47. Mr. Collado's Death Certificate states that the manner of his death was: "Homicide."

48. The NYPD held Mr. Collado's body, without allowing Ms. Collado or any other members of Mr. Collado's family to even identify him, until September 9, 2011.

49. The Individual Defendants' actions constituted outrageous conduct, were reckless, and demonstrated a callous indifference to and willful disregard of plaintiff's federal and state protected rights.

50. Mr. Collado experienced severe conscious pain, suffering, fear, and pre-death terror as he was shot, as he was bleeding, as he was struggling to breathe, and as he was slowly dying.

51. As a direct and proximate result of defendants' actions, Mr. Collado suffered severe physical injury, pain and suffering, loss of life, and loss of enjoyment of his life.

52. The acts of the Individual Defendants were reckless, willful, wanton, and malicious, thus entitling plaintiff to an award of punitive damages.

53. On or about October 13, 2011, the Surrogate's Court of the County of New York issued Letters of Administration of John Collado, Sr.'s Estate to Ms. Collado.

54. Ms. Collado, in her own right, suffered, and will suffer, emotional injuries, was deprived, and will continue to be deprived, of her husband's future services in all respects, including but not limited to the loss of love, companionship, comfort, society, attention, services, income and support, and has not been able to find work because of the severe emotional stress she has gone through as a result of her husband's death.

55. Within ninety days after the claims alleged in this First Amended Complaint arose, a written notice of claim, sworn to by the claimant, was served upon the defendants by personal delivery of the notice, in duplicate, to the Comptroller's Office at 1 Centre Street, New York, New York.

56. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

57. This action was commenced within one year and ninety days after the happening of the event upon which the claims are based.

**AS AND FOR A FIRST CLAIM FOR RELIEF**
42 U.S.C. § 1983
(Against All Individual Defendants)

58. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

59. By reason of the foregoing, by confining Mr. Collado against his will, by shooting, and using gratuitous, excessive, and unconscionable force against Mr. Collado, resulting in his death, by failing to prevent their fellow officers from doing the same, and by failing to provide or seek medical attention for Mr. Collado as he lay dying on the street, the Individual Defendants deprived Mr. Collado of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution. The Individual Defendants' conduct manifested deliberate indifference to Mr. Collado's constitutional rights.

60. In addition, the Individual Defendants conspired among themselves to deprive Mr. Collado of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

61. The Individual Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as NYPD officers. Said acts by the Individual Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The Individual Defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

62. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

### AS AND FOR A SECOND CLAIM FOR RELIEF
Assault
(Against All Defendants)

63.     Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

64.     By reason of the foregoing, and by pointing a gun directly at Mr. Collado's body, defendant Connolly, acting in his capacity as an NYPD officer, and within the scope of his employment as such, intentionally placed Mr. Collado in apprehension of imminent, offensive contact, and displayed the ability to effectuate such contact, and thereby committed a willful, unlawful, unwarranted and intentional assault upon Mr. Collado.

65.     By being present, failing to intervene, and aiding and abetting defendant Connolly in assaulting Mr. Collado, defendants Smith, White, Marion, Kantor, Solomon, Schwartz, Cote, CO100 and CO229 substantially assisted defendant Connolly in the assault of Mr. Collado, and were aware of their role as part of this tortious activity.

66.     The assaults by the Individual Defendants were unnecessary and unwarranted in the performance of their duties as NYPD officers, and constituted an unreasonable and excessive use of force.

67.     Defendant City, as employer of the Individual Defendants, is responsible for the Individual Defendants' wrongdoing under the doctrine of *respondeat superior*.

68.     As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

### AS AND FOR A THIRD CLAIM FOR RELIEF
Battery
(Against All Defendants)

69.     Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

70. By reason of the foregoing, and by intentionally shooting and killing Mr. Collado, defendant Connolly, acting in his capacity as an NYPD officer, and within the scope of his employment as such, committed a willful, unlawful, unwarranted and intentional battery upon Mr. Collado.

71. By being present, failing to intervene, and aiding and abetting defendant Connolly in battering Mr. Collado, defendants Smith, White, Marion, Kantor, Solomon, Schwartz, Cote, CO100 and CO229 substantially assisted defendant Connolly in the battery of Mr. Collado, and were aware of their role as part of this tortious activity.

72. The batteries by the Individual Defendants were unnecessary and unwarranted in the performance of their duties as NYPD officers, and constituted an unreasonable and excessive use of force.

73. Defendant City, as employer of the Individual Defendants, is responsible for the Individual Defendants' wrongdoing under the doctrine of *respondeat superior*.

74. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

### AS AND FOR A FOURTH CLAIM FOR RELIEF
False Arrest and Imprisonment
(Against All Defendants)

75. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

76. By wrongfully and illegally, arresting, detaining, and imprisoning Mr. Collado, the Individual Defendants, under pretense and color of state law and acting within the scope of their employment as NYPD officers, falsely arrested and falsely imprisoned Mr. Collado in violation of New York State law.

77. The Individual Defendants' wrongful, unjustifiable, and unlawful apprehension, arrest and detention of Mr. Collado was intentional, and carried out with Mr. Collado's knowledge but without his consent. The Individual Defendants lacked probable cause or any other basis in law to arrest or imprison Mr. Collado. At all relevant times, the Individual Defendants acted forcibly in apprehending and arresting Mr. Collado.

78. The Individual Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of Mr. Collado's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Mr. Collado.

79. Defendant City, as employer of the Individual Defendants, is responsible for the Individual Defendants' wrongdoing under the doctrine of *respondeat superior*.

80. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

### AS AND FOR A FIFTH CLAIM FOR RELIEF
Negligent Hiring/Training/Discipline/Retention of Employment Services
(Against Defendant City)

81. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

82. Defendant City, through the NYPD, owed a duty of care to Mr. Collado to prevent the conduct alleged, because under the same or similar circumstances, a reasonable, prudent and careful person should have anticipated that injury to Mr. Collado or to those in a like situation would probably result from the foregoing conduct.

83. Upon information and belief, all of the Individual Defendants were unfit and incompetent for their positions.

84. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the Individual Defendants were potentially dangerous.

85. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these Individual Defendants proximately caused Mr. Collado's injuries and death.

86. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## AS AND FOR A SIXTH CLAIM FOR RELIEF
Negligent Failure to Provide Medical Treatment
(Against All Defendants)

87. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

88. The Individual Defendants owed a duty of care to Mr. Collado to provide him medical treatment after he had been shot in the abdomen and while he was in their custody and control, because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that injury to Mr. Collado or to those in a like situation would probably result from the failure to provide immediate medical treatment.

89. The Individual Defendants allowed Mr. Collado to lie on a public street, unconscious and bleeding profusely from the stomach, for an extended period of time without providing him any medical treatment and without calling an ambulance to come to his aid.

90. The Individual Defendants knew or should have known that their failure to provide medical treatment to Mr. Collado or to call an ambulance for him for an extended period of time could and did exacerbate and worsen Mr. Collado's condition, causing him severe injury and ultimately causing his death.

91. Upon information and belief, the Individual Defendants' failure to provide medical treatment to Mr. Collado or to call an ambulance for him for an extended period of time proximately caused Mr. Collado's injuries and death.

92. Defendant City, as employer of the Individual Defendants, is responsible for the Individual Defendants' wrongdoing under the doctrine of *respondeat superior*.

93. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

### AS AND FOR A SEVENTH CLAIM FOR RELIEF
Wrongful Death
(Against All Defendants)

94. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

95. By reason of the foregoing, the statutory distributees of Mr. Collado's estate sustained pecuniary and non-economic loss resulting from the loss of love, comfort, companionship, society, attention, services, income and support of Mr. Collado. Defendants are liable to plaintiff for the wrongful death of Mr. Collado.

96. As a consequence, plaintiff has suffered damages in an amount to be determined at trial.

WHEREFORE, plaintiff respectfully requests judgment against defendants as follows:

(A)  an order awarding compensatory damages in an amount to be determined at trial;

(B)  an order awarding punitive damages against the Individual Defendants only in an amount to be determined at trial;

(C)  reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

(D)  directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: April 12, 2013
      New York, New York

EMERY CELLI BRINCKERHOFF
& ABADY LLP

75 Rockefeller Plaza, 20th Floor
New York, N.Y. 10019
(212) 763-5000 (t)
(212) 763-5001 (f)

By: _____
Matthew D. Brinckerhoff
Jonathan S. Abady
Samuel Shapiro

*Attorneys for Plaintiff*