# Exhibit 4

```
66T8GYAC
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

KWABENA GYASI,

         Plaintiff,

    v.                            05 Cv. 9453 (SAS)

THE CITY OF NEW YORK, et al.,

         Defendants.

------------------------------x

                                         June 29, 2006
                                         4:40 p.m.

Before:

               HON. SHIRA A. SCHEINDLIN

                                         District Judge

                     APPEARANCES

JOEL BERGER
    Attorney for Plaintiff

MICHAEL A. CARDOZO
    Corporation Counsel of the City of New York
SHERYL BRUZZESE
    Assistant Corporation Counsel

1          (In open court)
2          THE COURT:  Mr. Berger, good afternoon.
3          Ms. Bruzzese, good afternoon.
4          I have two letters here, June 26 from Mr. Berger, June
5     29 in response from you, Ms. Bruzzese.
6          Is this the only purpose for this conference?
7          MR. BERGER:  Yes, your Honor.  The conference was
8     previously scheduled.  It was supposed to be a final status
9     conference, and we have asked your Honor to extend the time for
10    discovery, which you have done, but we asked that this date be
11    preserved because we knew this issue was coming.
12         THE COURT:  I have read the two letters and the long
13    and short is, when is the appropriate time?  The city is saying
14    it's premature.  You say it would be fine to defer such
15    discovery until a charging conference conducted while the jury
16    is waiting to receive the case.  That's probably true too, but
17    that's not now either.  It's early now; it's late then.  So
18    when is the right time?
19         MR. BERGER:  I think the city would like to never
20    answer frankly.  That's my concern.  I have no problem if the
21    city takes another month, two months, whatever.
22         THE COURT:  I don't know if they are going to move for
23    summary judgment.  They seem to do it reflectively when they
24    shouldn't.
25         Are you going to move for summary judgment in this

66T8GYAC
1  case?
2              MS. BRUZZESE:  At this point, I am not sure.  I need
3  to take the deposition of the plaintiff and the two witnesses.
4  There may be disputed facts.
5              THE COURT:  This person did what?
6              MR. BERGER:  This person was arrested and run through
7  the system for making a photocopy of his own certificate of
8  title of his own vehicle.  I must point out because the city
9  repeatedly misstates the facts.  For example, if you look at
10 footnote 2 of Ms. Bruzzese's letter, she says plaintiff
11 insisted the copy was an original.  If you look at the
12 officer's write-up of the charges, he quotes Mr. Gyasi as
13 saying, "No, I photocopied it myself."
14             The officer knows that this is a bizarre arrest and
15 keeps changing his story.  He arrested Mr. Gyasi for making a
16 photocopy of his own certificate of title and charged him with
17 a felony forgery for doing it.  That's why this case is going
18 to trial and that's why there is a good chance of punitive
19 damages, because the one and only time this ever happened, in a
20 case before Judge Schwartz a few years ago, punitive damages
21 were awarded because it's such a bizarre thing.  Obviously, if
22 you make photocopies of official documents for purposes of
23 misleading somebody, if it's somebody else's document, but it's
24 your own document and it hasn't been altered.
25             Incidentally, the back of this document proved that

```
 1   title had been transferred to Mr. Gyasi and the officer -- the
 2   photocopy was two pages, not front and back.  The officer
 3   detached the back of the second page from the first page and
 4   only vouchered the first page as evidence.  The second page
 5   that proves it was transferred to Mr. Gyasi and that there was
 6   no chance of it being a stolen vehicle wasn't even vouchered as
 7   part of the criminal charges.
 8            The case is going to trial.  I have no problem with
 9   the city taking a month or two if it wants to canvass various
10   executives to find out --
11            THE COURT:  Slow down.  Assuming we were at this
12   separate hearing before the jury got the punitive damages
13   issue, what would be the point, that the jury would know that
14   the city is going to indemnify the defendant?
15            MR. BERGER:  Yes, your Honor.
16            Furthermore, many judges don't even hold a separate
17   hearing.  I don't know if you do or don't.  The issue often
18   just comes up at the initial charging, which is that in every
19   case I have been involved in, and I have consulted with many
20   colleagues in civil rights cases, the city always wants the
21   jury to be told, Oh, you can only award punitives against the
22   officer individually, not the city.
23            THE COURT:  That's true.
24            MR. BERGER:  It's also extremely misleading because it
25   leads the jury to believe that the poor officer is going to be
```

         left holding the bag.  Which is why we frequently get punitives
         for a thousand, two thousand, whatever.
                   The reality is, and those of us who have tracked this
         for years know it, if the city has represented the officer, if
         it's a case in which the city has determined the officer is
         entitled to representation, it's not an off-duty incident, the
         city invariably does indemnify.
                   THE COURT:  Do you dispute that, Ms. Bruzzese, that at
         the end of the day, if this was done in the line of duty during
         work hours as part of his regular job, when push comes to
         shove, you will indemnify him if there is punitive damages?  Do
         you dispute that?
                   MS. BRUZZESE:  Not necessarily.
                   THE COURT:  Not necessarily what?  Was the answer yes?
                   MS. BRUZZESE:  We do dispute that.  Under 50(k), if
         punitive damages are awarded, there is a finding by the jury
         that basically the officer violated the rules and regulations,
         and under that --
                   THE COURT:  I understand.  But Mr. Berger claims the
         reality is, despite that, you always indemnify the officer for
         punitive damages, and that's why he wants the discovery,
         because I agree with him, I am not going to mislead the jury.
                   If in fact discovery were to show that 99 out of 100
         times when there has been a punitive damage award, in reality,
         the city has always indemnified, then that's the reality.

1  That's the reality, and I am not charging something that's not
2  true.
3            MS. BRUZZESE:  The problem is that I don't understand
4  what claim this goes to.  The discovery needs to likely lead to
5  the discovery of admissible evidence.
6            THE COURT:  Yes.  I will not mischarge the jury.
7            MS. BRUZZESE:  We haven't even gotten to that point.
8            THE COURT:  I am not talking about when.  Put aside
9  when.  Not today or a month or two months.  I am thinking of
10 ever.  Unless you're prepared to concede that if a punitive
11 damage award is made by the jury, the city will pay, at some
12 point this discovery is necessary so as not to mislead the
13 jury.
14           I am not talking about today.  I am not going to rule
15 today, but I want you to understand the issue.  If this case
16 goes to trial, if there is a liability finding, if the jury
17 then gets punitive damages as an issue, I am not going to
18 mislead them, thinking that it comes out of the poor officer's
19 pocket and have the poor officer say, I have a wife and three
20 kids and a mortgage, I can barely afford the payments, and I
21 earn only 38,000, whatever.  I am not going to have all of
22 that.  If in fact the reality is that in the last 100 punitive
23 damages awards the city has always indemnified, I am not going
24 to have that testimony at all about his wife, kids and poor
25 salary, because it's all irrelevant.

1          MS. BRUZZESE:  I think that discovery comes into play
2     when and if punitive damages are awarded.
3          THE COURT:  I agree, for now.  I just wanted to know
4     if you really are disputing that the city is going to pay
5     punitive damages if they are awarded.
6          MS. BRUZZESE:  That's a decision that's over my head
7     and that's made at the time punitive damages --
8          THE COURT:  There is a historical record.  That's the
9     point of the discovery.  It may be a decision over your head,
10    but the decision may always come out the same way.  If the
11    conduct occurred during the line of duty, so to speak, if
12    that's the reality, that discovery would show that in the last
13    100 cases that punitive damages were awarded the city always
14    paid, or 99 times out of 100 paid, if that's what the discovery
15    would show, then I wouldn't allow any evidence at all about the
16    poor officer and his tax return because it's totally
17    irrelevant.
18         MS. BRUZZESE:  My understanding is it's a case-by-case
19    basis.
20         THE COURT:  You're not listening.  It is case by case,
21    but if it always comes out the same way, then that's what the
22    discovery would show.  It's case by case, but at the end, if
23    it's always the same, 100 times, that's what the reality is.
24         I am going to allow that discovery if and when this is
25    an issue.  It may never be an issue.  The case may settle,

```
 1   liability may be lost, this and that.  I have no idea what is
 2   coming, but somewhere down the road I am not going to mislead
 3   the jury to worry about the poor officer and his bills because
 4   that's irrelevant.
 5            That's all I really need to say today.
 6            MR. BERGER:  Could we set some long-term date for the
 7   city to respond?
 8            THE COURT:  To respond to what?
 9            MR. BERGER:  To the interrogatories.
10            THE COURT:  No.  We will have to see how the case
11   develops.  When I set a trial date, when it's pretty clear we
12   are going to trial because there is no settlement, because
13   there is no summary judgment, when we know what the issues are
14   for trial, we will worry about it then.  I am not going to
15   allow irrelevant testimony that is downright misleading.  When
16   the time comes, I will worry about it.
17            (Adjourned)
18
19
20
21
22
23
24
25
```