UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AMARILIS COLLADO,                                :
as Administratrix of the Estate of
Her Husband JOHN COLLADO, SR.,      :

                Plaintiff,                 :    **MEMORANDUM DECISION**

     - against -                                      :    11 Civ. 9041 (DC)

THE CITY OF NEW YORK, New York City   :
Police Department ("NYPD") Detective
JAMES CONNOLLY, Shield # 4294,            :

                Defendants.             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CHIN, Circuit Judge:**

       This action arises from the fatal shooting of John Collado, Sr. ("Collado") on September 6, 2011 by defendant James Connolly, a New York City Police Department ("NYPD") detective. Collado's widow, Amarilis Collado ("Plaintiff"), seeks damages pursuant to 42 U.S.C. § 1983 and New York State law, contending that Connolly violated Collado's civil rights by using excessive force. Connolly argues that he shot Collado in self-defense.

       Trial is scheduled to commence on July 30, 2018. The parties have filed various motions *in limine*, many of which have already been addressed by Judge Batts. At the May 30, 2018 status conference, Defendants raised a continuing concern: whether

the City of New York (the "City") may be referred to as a defendant at trial. (Dkt. No. 106 at 4 ("Our preference would be that the City is not referred to as a defendant, we not be referred to as City attorneys, that Detective Connolly be the only defendant referenced with the jury ....")). Defendants acknowledged that "[i]f Detective Connolly is found liable, then the [C]ity is automatically liable as a matter of law." *Id.* Hence, defendants argued, there is no issue to try as to the City. (*Id.* at 3-4). Plaintiff objected to the request to bar any reference to the City as a defendant. (*Id.* at 5 ("The City is a defendant in this case, and they should be identified as such, we believe.")). In addition, by letter dated July 13, 2018, Plaintiff reiterated her view that "the City's status as a defendant [should not be] hidden from the jury." (Dkt. No. 105, at 1).

## DISCUSSION

Two issues are presented: (1) whether the City may be referred to at trial as a defendant, and (2) whether Plaintiff may refer to defense counsel as "City attorneys." Each issue is addressed in turn.

1.  **The City as a Defendant**

Defendants ask that the City not be referred to as a defendant at trial. A request like this is not uncommon in § 1983 cases where individuals acting under color of law will be indemnified by a municipality or other governmental entity. The question is a discretionary one, and the cases have gone both ways. *Compare Adams v. City of New York*, 993 F. Supp. 2d 306, 329 (E.D.N.Y. 2014) ("Where, as here, the City of

New York is a Defendant in the case, the City of New York will be listed on all documents and will be identified to the jury.") *with Estate of Jaquez v. Flores*, No. 10 Civ. 2881 (KBF), 2016 WL 1060841, at *12 (S.D.N.Y. Mar. 17, 2016) (where "jury will not be instructed on any theory by which it could find the City directly liable," and City's liability was "solely derivative," holding that "there is no need to inform the jury that the City remains potentially liable on a derivative theory," and ruling that City would be deleted from caption), *and Williams v. McCarthy*, No. 05 Civ. 10230 (SAS), 2007 WL 3125314, at *7 (S.D.N.Y. Oct. 25, 2007) ("the jury will not be informed that the City of New York was once a defendant"); *see also Simpson v. City of New York*, No. 12 Civ. 6577 (KBF), 2015 WL 5918182, at *6 (S.D.N.Y. Oct. 9, 2015) (plaintiff consented to defendant's request to remove City from caption for trial).

Although this is not an evidentiary question, the balancing test of Rule 403 of the Federal Rules of Evidence provides a useful framework: whether the probative value of the fact the City as a defendant is substantially outweighed by the danger of unfair prejudice or confusion. *See* Fed. R. Evid. 403. I conclude that it is.

First, the fact the City is a defendant has little, if any, probative value. The City has acknowledged, on the record, that it will be "automatically liable" if Connolly is found liable. Hence, the jury will not be asked to decide any claim against the City, and it will not be instructed on any theory of liability against the City. *See Flores*, 2016 WL 1060841, at *2-3. The fact that the City has been a defendant in this litigation is, at this

point, "irrelevant to the determination of liability and damages, which should be based solely on the facts and the law." *Id.* at *2.

Second, the danger of unfair prejudice or confusion is high. As Plaintiff has already recognized,[1] evidence of indemnification is generally inadmissible. *See, e.g., Edwards v. City of New York*, No. 08 Civ. 2199 (TLM), 2011 WL 2748665, at *5 (E.D.N.Y. July 13, 2011) ("Indemnification is not relevant to any issue before the jury, and plaintiff will not be permitted to inform the jury that defendant might be indemnified by the City."); *Williams*, 2007 WL 3125314, at *7; *accord Lawson v. Trowbridge*, 153 F.3d 368, 379 (7th Cir. 1998) ("In the general case courts exclude evidence of indemnification out of a fear that it will encourage a jury to inflate its damages award because it knows the government -- not the individual defendants -- is footing the bill."). If the jury is advised that the City is a defendant, there is a risk that the jury will "view liability less critically," and that any damages award will be inflated by "the presence of a deep pocket." *Jaquez*, 2016 WL 1060841, at *2. There is also a risk of confusion, as the jury would be told the City was a defendant -- without being asked to decide any issue involving the City.

In her letter of July 13, 2018, Plaintiff argues that she would be prejudiced "if the City's status as a defendant is hidden from the jury." (Dkt. No. 105 at 1). In

---

[1] *See* Dkt. No. 97 at 8 (Plaintiff stating she has no intention to tell jury Connolly will be indemnified by the City).

particular, she contends that her ability to cross-examine witnesses (*e.g.*, the defense expert, witnesses employed by the City) will be limited as she will not be able to fully explore bias. I disagree. Plaintiff may pursue such lines of inquiry as how many times the expert has testified for the City or its representatives, and whether police officers have a professional motive to provide testimony favorable to the City, without the jury being advised that the City is a defendant. Connolly *is* an NYPD police detective, employed by the City, and the jury will be fully aware of those facts. It will be necessary, of course, for Plaintiff to reference the City when cross-examining witnesses employed by the City. So long as these references are not excessive, there will be no risk of prejudicing the jury. *See Guzman v. Jay*, 303 F.R.D. 186, 193 n.2 (S.D.N.Y. 2014) ("I don't want to preclude you totally from mentioning the City of New York if it's appropriate, but we want to stay away from going overboard.").

Accordingly, Defendants' request is granted. The City will be removed from the caption as a defendant for trial, and Plaintiff may not refer to the City as a defendant before the jury.

2. **References to Counsel**

Defendants also seek to preclude any reference to defense counsel as "City attorneys." Judge Batts previously held that Defense Counsel will be introduced in this case as "Corporation Counsel." (*See* Dkt. No. 97 at 8). I will abide by Judge Batts's ruling: defense counsel will be introduced to the jury by their titles, Assistant

Corporation Counsel, and as representatives of the Corporation Counsel of the City of New York, they shall be referred to at trial either as "defense counsel" or "Corporation Counsel." *See Edwards*, 2011 WL 2748665, at *5 ("defense counsel should be referred to as 'defense counsel' or 'corporation counsel'"); *Williams*, 2007 WL 3125314, at *7 ("I will inform the jury that the defendants are represented by attorneys from the Corporation Counsel because they are members of the New York City Police Department, which is an agency of the City of New York."); *Jaquez*, 2016 WL 1060841, at *2 (noting plaintiffs' agreement not to refer to defense counsel as "City attorneys"); *but see Adams*, 993 F. Supp. 2d at 329 (rejecting request that court not refer to the City attorneys as "City attorneys").

## CONCLUSION

For the foregoing reasons, Defendants' request to bar reference at trial to the City as a defendant is granted. Furthermore, I will abide by Judge Batts's ruling that defense counsel may not be referred to at trial as "City attorneys."

SO ORDERED.

Dated:   New York, New York
         July 20, 2018

_____
DENNY CHIN
United States Circuit Judge
Sitting by Designation

- 7 -

## APPEARANCES

**For Plaintiff:**

    EMERY CELLI BRINCKERHOFF & ABADY, LLP
        By:   Matthew D. Brinckerhoff, Esq.
                Samuel Shapiro, Esq.
                Earl S. Ward, Esq.
    600 Fifth Avenue
    New York, NY  10020

**For Defendants:**

    ZACHARY W. CARTER, Esq.
    Corporation Counsel for the City of New York
        By:   Brian Francolla, Esq.
                Tobias Eli Zimmerman, Esq.
                Assistant Corporation Counsels
    100 Church Street
    New York, NY  10007