

| | | |
|---|---|---|
| **ZACHARY W. CARTER**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY  10007 | **BRIAN FRANCOLLA**<br>*Senior Counsel*<br>Tel.: (212) 356-3527<br>Fax: (212) 356-3509 |

October 17, 2018

**BY ECF AND EMAIL**
Honorable Denny Chin
United States Circuit Judge
United States Court of Appeals for the Second Circuit
40 Foley Square
New York, New York 10007

        Re: <u>Collado v. City of New York, et al.</u>, 11 Civ. 9041 (DC)

Your Honor:

        I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department and one of the attorneys handling the defense of the above-referenced matter.  In that capacity, I write in response to plaintiff's October 11, 2018 letter objecting to the use of Special Interrogatories in this matter, or, in the alternative, requesting that the Special Interrogatories be edited.

        I.      <u>Special Interrogatories are not only warranted, but required in this case</u>:

        Defendants did not waive qualified immunity.  Plaintiff makes the argument that, at least in the opinion of plaintiff's counsel, defendants never requested specific Special Interrogatories.  Because of this contention, plaintiff submits that defendants waived their defense.  However, the cases that plaintiff relies on in support of this argument all involve circumstances where the defendants did not ask for the *submission* of Special Interrogatories to the jury.  See <u>Kerman v. City of N.Y.</u>, 374 F.3d 93, 119 (2d Cir. 2004) ("At the new trial, however, no precise questions as to the actual events and circumstances were submitted to the jury.  As described in Part I.E. above, Crossan pursued his qualified immunity defense simply by requesting that the jury be asked to make a finding as to whether his decision to detain and hospitalize Kerman was supported by probable cause."); <u>Lee v. McCue</u>, No. 04-CV-6077 (CM), 2007 U.S. Dist. LEXIS 57867, at *8 (S.D.N.Y. July 25, 2007) ("Defendants failed to follow the procedures that were set out in Kerman III and subsequent cases when they did not request the submission of special interrogatories to the jury."); <u>Matthews v. City of N.Y.</u>, No. 02-CV-715 (CPS), 2006 U.S. Dist. LEXIS 22483, at *26 (E.D.N.Y. Mar. 27, 2006) ("Here, defendant Royall did not request that the jury be asked to respond to factual interrogatories about the events that had transpired that day, nor did he set forth interrogatories in his proposed verdict form.").

Defendants not only asked for the submission of Special Interrogatories, but also did in fact propose specific questions. Defendants first notified the Court and plaintiff on July 6, 2018, that defendants intended to rely on the defense of qualified immunity, that Special Interrogatories might be appropriate and that it was premature to propose specific language due to the fact that the appropriateness of any questions will likely depend on how evidence comes in at trial. See Docket Entry #105, p. 2, Fn. 3. Defense counsel next raised the issue on the fourth day of trial, August 2, 2018, during which we proposed a specific question as well as had a discussion with the Court and plaintiff's counsel regarding other potential questions. See Trial Tr., pp. 592-602. While defense counsel did not file any additional proposed special interrogatories later that night, the Court circulated potential questions by email (sent at 8:12 p.m.) along the lines of what had been discussed earlier that day which defendants found suitable. The parties then continued the discussion the following day, August 3, 2018. See Trial Tr., pp. 607-616 and 699.

To the extent plaintiff argues that Special Interrogatories should not be submitted to the jury because, in the view of plaintiff's counsel, the questions of liability and qualified immunity converge, there is no legal basis for that assertion. Plaintiff concedes that to the contrary, Second Circuit precedent requires the submission of Special Interrogatories under these circumstances even where those two questions do converge. See Cowan v. Breen, 352 F.3d 756, 764 and n.6 (2d Cir. 2003). The time to argue about whether a jury's answers to Special Interrogatories entitles the defendant to qualified immunity is via post-trial motions if plaintiff prevails on liability and not in the context of whether Special Interrogatories are appropriate at all. There is also absolutely no prejudice to plaintiff. During discussion of this issue in the midst of the first trial the Court asked plaintiff's counsel to articulate how this approach prejudiced their client and there was no direct answer to that question. See Trial Tr., pp. 614-616. If, as plaintiff contends, no set of answers to the contemplated Special Interrogatories would entitle the defendant to qualified immunity then she can make that argument post-trial if she prevails. While defendants disagree with that contention, the argument is premature.

II.     Plaintiff's objections to the Special Interrogatories proposed by the Court in the first trial should be overruled:

Plaintiff argues that four of the five Special Interrogatories proposed by the Court should not be submitted to the jury because they are not "narrowly tailored to the time period immediately surrounding the shot – the only relevant time period for determining qualified immunity." Defendants disagree. First, according to the video footage the entire physical struggle from once Mr. Collado got involved in the physical altercation until the shot was fired lasted approximately 12 seconds. Arguably anything that happens during that time period would consist of "immediately surrounding the shot." Second, what plaintiff appears to be saying is that the only answer that might potentially be of consequence from a qualified immunity perspective would be "yes" to Special Interrogatory #2 ("Was he choking Det. Connolly when the shot was fired?"). While defendants disagree with that contention, there is no harm in asking the additional questions. Again, plaintiff is not prejudiced in any way. It is far better to be over-inclusive in this context than under-inclusive. Even if plaintiff were correct in her assertion, the only negative consequence for anyone involved would be for the defendants who would be forced to rely on what plaintiff's counsel consider to be failing legal arguments. Because

defendants have the burden of proving this defense, that potential consequence should not form a basis to remove the additional questions as plaintiff requests.

    III.    <u>Defendants do have the burden of proof on Special Interrogatories</u>:

Defendants agree with plaintiff that we have the burden of proof with respect to Special Interrogatories and that it would be appropriate for the Court to so instruct the jury should we reach that stage.

Thank you for your attention to the within matters.

                                       Respectfully submitted,

                                       /s/

                                       Brian Francolla
                                       Senior Counsel
                                       Special Federal Litigation Division

cc:    Sam Shapiro, Esq. (by ECF)
        Earl Ward, Esq. (by ECF)
        Emery Celli Brinckerhoff & Abady LLP
        600 Fifth Avenue, 10th Floor
        New York, New York 10020