UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMARILIS COLLADO, as Administratrix of the Estate of her husband JOHN COLLADO, SR.,

    Plaintiff,

-against-

THE CITY OF NEW YORK, New York City Police Department ("NYPD") Detective JAMES CONNOLLY, Shield #4292,

    Defendants.

No. 11 Civ. 9041 (DC)

**DECLARATION OF AMARILIS COLLADO**

AMARILIS COLLADO declares, under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am the Administratrix of the Estate of my husband, John Collado, Sr., and the Plaintiff in the above-captioned action. I submit this Declaration, pursuant to N.Y. E.P.T.L. § 5-4.6, to respectfully request that the Court approve a $5.5 million settlement of this action, and that the Court approve the disbursement of attorneys' fees and costs.

2. I brought this case on behalf of my husband, John Collado, Sr., who was shot and killed by a New York City Police officer on September 6, 2011.

3. I was appointed Administratrix of my husband's estate on October 13, 2011. *See* Exhibit A.

4. Right after my husband was shot, I retained Patrick J. Brackley, Esq. to represent me in connection with potential claims arising from my husband's death. I agreed that Mr. Brackley would be reimbursed for costs and expenses that he advanced for the case out of my portion of any recovery.

1

5. In April 2012, I switched attorneys and retained Emery Celli Brinckerhoff & Abady LLP ("ECBA"). ECBA has represented me continuously since April 2012.

6. In April 2012, I signed a retainer agreement with ECBA in my capacity as Administratrix of my husband's estate. The retainer provides that ECBA's fee is to be one-third of the total of the gross amount of any settlement received.

7. The retainer also provides that I am responsible for paying out-of-pocket expenses and that ECBA will be reimbursed for such expenses from my apportionment of any settlement.

8. I know ECBA performed substantial work on my behalf over the course of seven years. I was present at both trials in this case and was thrilled when we received a favorable verdict in the second trial.

9. Following the Court's resolution of the Defendants' post-trial motions, ECBA engaged in settlement negotiations on my behalf. After numerous discussions, Defendants offered $5.5 million to resolve this case entirely.

10. I discussed this offer in detail with my attorneys, and I ultimately chose to accept it on behalf of the Estate because I believe it is a fair and substantial settlement. It results in a quicker recovery for the Estate, it avoids the risk of an appeal, and it avoids further litigation over attorneys' fees and costs.

11. As provided for in my retainer agreement with ECBA, ECBA's fee for this case will total one-third of the total settlement, or $1,833,333.33 million. I understand that ECBA is going to pay Mr. Brackley's fee out of this sum as well.

12. I have been told that ECBA's costs in this case total $119,742.12 and Mr. Brackley's costs total $28,627.89. Per my agreement with both attorneys, these costs will be deducted from my portion of the settlement.

13. Thus, I am requesting that the Court approve a total of $1,981,703.34 in attorneys' fees and costs. I understand that that will leave a remainder of $3,518,296.66 (subject to a final determination by Medicare as to whether it will assert a lien).

14. For years my attorneys worked extremely hard to represent me. I am thankful for the hard work they put in and the settlement they achieved. I know they would have received nothing if for whatever reason we had lost the case.

15. As the Administratrix of John Collado, Sr.'s Estate, I respectfully request that the Court approve the $5.5 million settlement in the case, and approve $1,981,703.34 in attorneys' fees and costs.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 24, 2019
       Port Charlotte, Florida

_____
AMARILIS COLLADO